EARL L. PERDUE, *et al.*

*v.*

S. J. GROVES AND SONS COMPANY, *etc., et al.*

(No. 12694)

Submitted April 30, 1968.          Decided May 28, 1968.

*Greene, Ketchum, Baker & Pauley, Lawrence L. Pauley,* for appellants.

*Jenkins, Schaub & Fenstermaker, C. Robert Schaub,* for appellees.

CALHOUN, JUDGE:

This case, on appeal from the Circuit Court of Cabell County, involves a civil action instituted in that court by Earl L. Perdue and Norma M. Perdue, husband and wife,

as plaintiffs, against S. J. Groves and Sons Company, a corporation, and Turman Construction Company, a corporation, as defendants, for recovery of damages in the sum of $6,000 alleged to have been caused by the defendants to the home of the plaintiffs situated in the City of Huntington while the defendant corporations were engaged, under a written contract with The State Road Commission of West Virginia, in the construction of a certain highway bridge and an approach thereto to be used as part of Interstate Highway Number 64.

In their complaint, the plaintiffs alleged that, during the course of the construction, the defendants wilfully, recklessly and negligently set off explosives "which resulted in terrific blasts of such force and violence" that the plaintiffs' residence was thereby greatly damaged; that "the defendants aforesaid willfully, recklessly and negligently drove pilings almost daily during said period of time which resulted in terrific vibrations of such force and violence and displacement of earth that they greatly damaged said residence * * *;" that the defendants had complete control over such blasting and pile driving operations; and that such operations were conducted in furtherance of the interests of the defendants and for their benefit and were the direct and proximate cause of the damage to the plaintiffs' property. The complaint states in detail the damage which the plaintiffs allege was thus caused to their dwelling by the defendants.

As a ground of defense, the defendants alleged in their answer that the plaintiffs "are precluded from recovery" in the action by reason of a release they executed to the state road commission. A motion for summary judgment was made by S. J. Groves and Sons Company, pursuant to Rule 56 of the Rules of Civil Procedure, based on the pleadings and certain stipulations of facts, on the ground that a release provision contained in a deed made by the plaintiffs to the state road commission, dated May 31, 1963, when properly construed, "operates as a release of all damages here claimed by plaintiffs against this defendant." The deed was made a part of the record by stipulation. It recites that the plaintiffs as grantors shall be referred

to therein as "Grantor." The language of the deed referred to in the answer and in the motion for summary judgment is as follows:

"For the recited consideration, Grantor, whether or not the owner of remaining or other land adjoining said land, or of any interest therein, releases Grantee, its successors and assigns forever, from any and all claims for damages or compensation of any nature whatsoever, arising directly or indirectly from the purchase of the parcel herein described, or from the construction and maintenance of a highway or the improvement and maintenance of said land and adjoining lands for highway purposes, or from work performed or material placed upon or removed from said lands or any adjoining lands owned by the Grantee. Without limiting the generality of the foregoing, Grantor further expressly releases all claims of Grantor for damages to any residue of land retained or adjoining or nearby land owned by the Grantor; and all damages by reason of increased lateral burden, loss of lateral support, diversion of water courses and streams, concentration and discharge of water on lands of Grantor, and hindering the flow of water and water courses; it being agreed that the compensation herein provided for as purchase price is full compensation for all of the parcel herein described and for all rights and easements hereby released and all damages herein mentioned which Grantor has or may hereafter suffer."

The deed expressly refers to "a map entitled, 'The State Road Commission of West Virginia, Right of Way Plans of State Road Project No. I-64-1 * * * Interstate 64 * * * of record in the Office of the Clerk of the County Court of Cabell County, West Virginia, * * *.' "

By an order entered on June 8, 1967, the Court, "being of the opinion that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law," sustained the motion for summary judgment. In its written opinion, which was made a part of the record, the trial court stated the basis of its action in entering summary judgment as follows:

"I am of opinion to hold that the plaintiffs, by the above provision in their deed, released all

claims for damages occasioned by construction of the highway, including the damages complained of in this action.

"I base this holding not upon the constitutional provision of immunity from suit, against the State or its agents or employees, as provided by Sec. 35, Article VI, of the State Constitution, but rather upon the contractual status of the parties growing out of the deed made by the plaintiffs."

In their petition for appeal to this Court, the plaintiffs assert that the trial court erred (1) in granting summary judgment for the defendants; (2) in holding that the language previously quoted from the deed executed by the plaintiffs to the state road commission constituted a release of the claims asserted by the plaintiffs in their action against the defendant corporations, as independent contractors; and (3) in overruling the plaintiffs' motion for leave to amend their complaint.

An amicus curiae brief filed by permission of the Court in behalf of the State Road Commission of West Virginia asserts that the language of the deed which is in the nature of a release of the state road commission from further liability does not have the effect of releasing the defendant corporations, as independent contractors, from liability for any damages which may have been caused to the property of the plaintiffs as a consequence of wilful, reckless and negligent conduct of the defendants in connection with the construction operations.

The case was submitted for decision in this Court upon the record made in the trial court; upon the amicus curiae brief; and upon written briefs and oral arguments of counsel for the parties.

The defendants were not parties to the deed previously referred to. They were not referred to therein by name or otherwise and, therefore, we are of the opinion that no language of the deed can be deemed to constitute a release of the defendants or either of them from any liability or obligation to the plaintiffs which they may have owed or which they may thereafter have incurred. *State ex rel. Ashworth* v. *The State Road Commission*, 147 W. Va. 430,

442, 128 S. E. 2d 471, 479; *Ison* v. *Daniel Crisp Corp.*, 146 W. Va. 786, 122 S. E. 2d 553; *Collins* v. *Stalnaker*, 131 W. Va. 543, pt. 2 syl., 48 S. E. 2d 430; 76 C.J.S., Release, Section 48, page 677.

The deed from the plaintiffs to the state road commission not only conveyed by general warranty a certain parcel of land therein specifically described, but also constituted a compromise settlement and a comprehensive release of the grantee from all liability for any and all claims which might have been legally asserted against the state road commission as just compensation in an eminent domain proceeding prosecuted by it against the plaintiffs under its power to take and to damage private property for public highway purposes. That was the obvious purpose of the writing. See *State ex rel. Queen* v. *Sawyers*, 148 W. Va. 130, 133 S. E. 2d 257; 15 Am. Jur. 2d, Compromise and Settlement, Section 21, page 955; 15A C.J.S., Compromise & Settlement, Section 24, page 225.

The deed executed by the plaintiffs constituted a compromise and settlement for the value of the land thereby conveyed and for all damages which naturally and inevitably resulted to the plaintiffs from a proper performance of the contemplated construction in accordance with the plans and specifications referred to in the deed and recorded in the office of the clerk of the county court. It does not necessarily follow, however, that the defendants cannot be held liable for damage which may have been caused by them to the plaintiffs' property during the course of the construction in relation to matters not contemplated and covered by the compromise settlement with the state road commission.

In an annotation dealing with the question whether an independent contractor performing public work is entitled to the governmental immunity from tort liability of the public body for which the work is being performed, the general rule is stated in 9 A.L.R. 3d, Section 3, page 389, as follows: "It is a well-settled general principle that one who contracts with a public body for the performance of public work, if not guilty of negligence or wilful tort, and if not employing ultrahazardous methods, is entitled to

share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract. * * *." The annotation proceeds to point out that, as a general rule, an independent contractor in such circumstances is not entitled to the immunity of the public body from liability for injuries resulting from a wilful tort, negligence or ultrahazardous activities of the contractor. *Whitney* v. *Ralph Myers Contracting Corp.*, 146 W. Va. 130, 118 S. E. 2d 622, is cited in the annotation at page 406 for the proposition that use by the independent contractor of explosives for blasting constitutes an ultrahazardous activity within the meaning of the legal principles stated immediately above. In that case the defendant contractor contended that, while performing work under a contract with the state, it was protected by governmental immunity. This contention was rejected by the Court. The second and third points of the syllabus of the *Whitney* case are as follows:

"The use of explosives in blasting operations, though necessary and lawfully used by a general contractor in the construction of a public highway, being intrinsically dangerous and extraordinarily hazardous, renders the contractor liable for damages resulting to the property of another from such blasting, without negligence on the part of the contractor.

"A general contractor in the construction of a public highway is liable for damages resulting to the property of another from blasting operations conducted by him, notwithstanding such damages were due solely to vibrations occasioned by the blasting."

*Konchesky* v. *S. J. Groves and Sons Co.*, 148 W. Va. 411, 135 S. E. 2d 299, involved an action for recovery of damages alleged to have resulted to plaintiffs' property as a consequence of blasting operations conducted in connection with certain construction work being performed at the Morgantown Airport in Monongalia County. In the second point of the syllabus, the Court stated: "Liability in blasting cases, if properly proved, is held to be absolute, but no recovery can be had in any case without

proper proof of damages." While recognizing principles decided in the *Whitney* case, the Court held that the plaintiffs failed to prove by a preponderance of the evidence that the blasting operations proximately caused the alleged damage to the plaintiffs' property.

*State Motor Parts Co., Inc.* v. *Christopher Construction Co.,* 212 F. Supp. 467 (N. D. W. Va., 1963), involved an action for damages alleged to have been caused to property owned by the plaintiff as a consequence of the use of explosives by the defendant while constructing a municipal sanitary sewer system pursuant to a contract with the City of Clarksburg. The case, tried before the court in lieu of a jury, resulted in an award of damages in favor of the plaintiff against the defendant independent contractor. In the opinion the court stated (212 F. Supp. at page 472): "There is no dispute between the parties as to the law of West Virginia relating to damages resulting from explosions. The law is clear that where one intentionally sets off a charge of explosives, he is liable for all damages proximately resulting therefrom, irrespective of negligence. * * *." In support of that proposition the court cited the *Whitney* case and various other cases to which reference is here made. See also 35 C.J.S., Explosives, Section 8a, page 275.

The Court, therefore, holds that, by alleging in their complaint that damage was proximately caused to the plaintiffs' property by the defendants' use of explosives in the blasting operations, the plaintiffs have alleged a cause of action against the defendants irrespective of negligence or lack of negligence in the use of such explosives and irrespective of the fact that the defendants were engaged at the time in the performance of a highway construction project under a contract with the state road commission. We cannot say as a matter of law, in the circumstances, that the case presents no genuine issue as to any material fact in relation to the question of proximate cause or in relation to the amount of damages, if any, which were caused by the defendants to the plaintiffs' property.

We are of the opinion that the pile driving operations were not "intrinsically dangerous and extraordinarily hazardous", as that language is used in the second point of the syllabus of the *Whitney* case in relation to blasting operations. We hold, therefore, that there is no absolute liability for any damages which may have been caused to the plaintiffs' property as a result thereof. The complaint, however, alleges that damage was proximately caused to the plaintiffs' property as a result of the wilful, reckless and negligent conduct of the defendant in performing the pile driving operations. We are of the opinion that the complaint in this respect properly alleges a cause of action.

In *Whitney* v. *Ralph Myers Contracting Corp.*, 146 W. Va. 130, 142, 118 S. E. 2d 622, 628, the Court stated: "It appears to be the unanimous rule, however, that where such a contractor performs such work negligently, he is not entitled to any governmental immunity, but is held liable in damages resulting from his negligence." In the annotation in 9 A.L.R. 3d, previously referred to, the following appears in Section 5 at page 397: "According to the great weight of authority, a contractor with a public body is not entitled to avail himself of the immunity of the latter from liability for injuries resulting from wilful tort or negligence in the performance of public work. * * *." *V. N. Green & Company, Inc.* v. *Thomas*, 205 Va. 903, 140 S. E. 2d 635, 9 A.L.R. 3d 376, involved an action for damages alleged to have been caused to a dwelling owned by the plaintiffs by vibrations and concussions set in motion by blasting operations of the defendant while it was engaged in the construction of a public highway under a contract with the Virginia department of highways. Though the court declined to adopt the rule of absolute liability for damages resulting from blasting operations, it held that the defendant contractor was not entitled to the protection of the state's governmental immunity if the blasting operations were conducted in a negligent manner. This case, we believe, is in harmony with the holding of this Court in the *Whitney* case except that this Court holds that liability in blasting cases is absolute in the sense that negligence need not be proved, whereas the Virginia

court holds that liability in such cases must be predicated on a showing of negligence in the use of the explosives. In other words, we believe the Virginia case is authority for the proposition that an independent contractor may be held liable in a case such as this for damages caused to the property of another by its negligence in the performance of a highway construction contract with a state or other public body. To the same effect see 43 Am. Jur., Public Works and Contracts, Sections 81-83, pages 824-827. For cases bearing indirectly on the question here being considered, see *Strouds Creek and Muddlety Railroad Co. v. Herold,* 131 W. Va. 45, 64, 45 S. E. 2d 513, 525; *Buckhannon & Northern Railroad Co. v. Great Scott Coal & Coke Co.,* 75 W. Va. 423, 439-440, 83 S. E. 1031, 1037.

In the light of the authorities previously cited and referred to in this opinion, the Court holds that the allegations of the complaint to the effect that damage was proximately caused to the plaintiffs' property by the wilful, reckless and negligent conduct of the defendants in conducting the pile driving operations constitute an allegation of a cause of action. If the case is tried on this basis, the burden will be on the plaintiffs to prove by a preponderance of the evidence that the defendants improperly conducted the pile driving operations; that such proximately caused damage to the plaintiffs' property; and the extent of such damage. We cannot say that the case in this area involves no genuine issue in relation to any material fact.

A party who moves for summary judgment in his favor has the burden of showing that the action involves no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Any doubt as to the existence of such issue should be resolved against the party moving for such judgment. *Spangler v. Fisher,* 152 W. Va. 141, pt. 4 syl., 159 S. E. 2d 903.

For reasons previously stated in this opinion, the Court holds that the trial court erred in holding that the case involved no genuine issue as to any material fact; that the defendants were entitled to judgment as a matter of law; and in sustaining the motion for summary judgment in favor of the defendants.

We are of the opinion that the trial court did not err in overruling the plaintiffs' motion for leave to amend their complaint. Rule 15(a) of the Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." We recognize that the provision quoted should be liberally construed in order to promote substantial justice and, in accordance with the requirement of R. C. P. 1, in such a manner as "to secure the just, speedy, and inexpensive determination of every action." *Cotton States Mutual Insurance Co.* v. *Gerald O. Bibbee,* 147 W. Va. 786, pt. 6 syl., 131 S. E. 2d 745. The Rules of Civil Procedure substantially recognize the preexisting law of this state in relation to liberality in permitting amendments of pleadings and in relation to the scope of the trial court's discretion in permitting or refusing leave to amend. See Reporters' Original Note under R. C. P. 15 and *Payne* v. *Kinder,* 147 W. Va. 352, 363-64, 127 S. E. 2d 726, 734-35. "The trial court is vested with a sound discretion in granting or refusing leave to amend." 1A Barron and Holtzoff, Federal Practice and Procedure, (Rules Edition), Section 445, page 722. The only reference in the record to the motion for leave to amend appears in a pretrial order as follows: "Thereupon came the plaintiffs and moved the Court to amend their complaint to contain allegations of additional damages resulting from the discharge of water on the plaintiffs' property *as a result of the construction work done by the defendants.*" (Italics supplied.) We are of the opinion that the motion discloses no basis for an amendment of the complaint and that the trial court did not abuse its discretion in refusing to grant the motion. In this respect, the judgment of the trial court is affirmed.

For reasons stated in this opinion, the judgment of the Circuit Court of Cabell County is affirmed in part and reversed in part; and the case is remanded to the trial court for such further proceedings, consistent with this opinion, as may be proper.

> *Affirmed in part;*
> *reversed in part;*
> *remanded with directions.*