STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Justin Gibson,**
**Plaintiff Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0132** (Fayette County 11-C-45)

**Shentel Cable Company and Robert Herrald,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Justin Gibson, by counsel Scott W. Anderson, appeals the January 3, 2012, order of the Circuit Court of Fayette County granting respondents' motion to dismiss. Respondents Shentel Cable Co.[1] and Robert Herrald, by counsel Brian J. Moore and Ashley C. Pack, have filed a response, to which petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner previously worked for Respondent Shentel Cable Co. and alleges that he was injured during the course of his employment on June 26, 2009. Thereafter, petitioner was terminated from his position and filed a complaint in the circuit court alleging the following causes of action: deliberate intent; negligence; violation of the West Virginia Human Rights Act; intention infliction of emotional distress; and, retaliatory discharge. On September 23, 2011, petitioner filed an amended complaint after the circuit court granted his motion for leave to file the amended complaint. Respondents thereafter filed a motion to dismiss the first amended complaint and a hearing on the motion was held on December 15, 2011, during which petitioner orally moved for leave to again amend the complaint. The circuit court denied petitioner's motion to amend and granted respondents' motion to dismiss.

On appeal, petitioner raises six assignments of error. Five of the assignments of error are related to the circuit court's dismissal of petitioner's variously pled causes of action and together allege error by the circuit court in granting respondents' motion to dismiss. In support of the assignment of error related to the motion to dismiss, petitioner argues that the amended complaint stated the elements of each of his claims and contained sufficient facts to support those claims in accordance with the notice pleading requirement of Rule 8(a) of the West Virginia Rules of Civil Procedure. Petitioner also alleges error by the circuit court in denying

---

[1] Respondent indicates that effective April 1, 2012, Shentel Cable Co. is now known as Shentel Cable, LLC.

1

him leave to file a second amended complaint, arguing that such leave is to be freely given when justice requires. In response, respondents argue that the circuit court was correct in granting the motion to dismiss because petitioner failed to plead facts related to the various claims. Further, respondents argue that the circuit court correctly denied petitioner's request for leave to file a second amended complaint because the motion was untimely.

This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). Upon our review, the Court concludes that the circuit court did not err in either granting respondents' motion to dismiss or in denying petitioner leave to amend the complaint. We have previously held that

> "[a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." *Syllabus Point 6, Perdue v. S.J. Groves and Sons Company*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

*Hawkins v. Ford Motor Co.*, 211 W.Va. 487, 490, 566 S.E.2d 624, 627 (2002). A review of the record shows that the circuit court did not abuse its discretion in denying petitioner's motion for leave to amend. Further, having reviewed the circuit court's "Order Granting Defendants' Motion To Dismiss" entered on January 3, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 3, 2012, order granting respondents' motion to dismiss is affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

JUSTIN GIBSON,

Plaintiff,

v.

Civil Action No. 11-C-45
Honorable John D. Hatcher, Jr.

SHENTEL CABLE CO.,
a Virginia corporation, and
ROBERT HAROLD,
an individual,

Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The defendants, Shentel Cable Company ("Shentel") and Robert Herrald ("Herrald") (collectively, "Defendants"), have filed a Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to West Virginia Rule of Civil Procedure 12(b)(6). On December 15, 2011, Defendants appeared by counsel, Brian J. Moore and Thomas Ullrich, and the plaintiff, Justin Gibson ("Plaintiff"), appeared by counsel, Scott W. Andrews, for a hearing on the motion. The Court has considered Defendants' Motion to Dismiss, the Memorandum in Support of Defendant's Motion to Dismiss, Plaintiff's Response to Defendant's Motion to Dismiss, and has also considered the oral arguments of counsel. As the Court verbally ruled on December 15, 2011, it **GRANTS** Defendant's Motion to Dismiss because Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. The Court bases its ruling on the following findings of fact and conclusions of law.

1.    The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is "to test the formal sufficiency of the complaint." *John W. Lodge Distributing Co. v. Texaco, Inc.*, 245 S.E.2d 157, 158 (W. Va. 1978). "The trial court, in appraising the sufficiency of a

complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syllabus Point 3, *Chapman v. Kane Transfer Co.*, 236 S.E.2d 207 (W. Va. 1977). The Court must construe "the factual allegations in the light most favorable to the plaintiff[ ]." *Murphy v. Smallridge*, 468 S.E.2d 167, 168 (W. Va. 1996) (*citing State ex rel McGraw v. Scott Runyan Pontiac-Buick*, 461 S.E.2d 516, 521-22 (W. Va. 1995)). Further, the Court must "draw all reasonable inferences in favor of the plaintiff." *Conrad v. ARA Szabo*, 480 S.E.2d 801, 808 (W.Va. 1996). Nevertheless, "it has been held that essential material facts must appear on the face of the complaint." *Fass v. Nowsco Well Service, Ltd.*, 350 S.E.2d 562, 563 (W.Va. 1986) (*quoting Greschler v. Greschler*, 422 N.Y.S.2d 718, 720 (1979)). According to the Supreme Court of Appeals of West Virginia, "especially in the wrongful discharge context, sufficient facts must be alleged which outline the elements of the plaintiff's claim." *Id.* at 564.

2.	In the present case, Plaintiff alleges that he suffered an unspecified injury on or about June 26, 2009, while performing services for a customer in Kingston, West Virginia. (First Amended Complaint, ¶ 20). He alleges that Shentel, through Herrald, terminated his employment on or about June 29, 2009. (First Amended Complaint, ¶¶ 21, 28). He filed this lawsuit on or about March 2, 2011. He filed his First Amended Complaint on or about September 22, 2011.

3.	Plaintiff's First Amended Complaint alleges the following causes of action: Count I against Defendants for "Deliberate Intent;" Count II against Defendants for "Negligence;" Count III against Defendants for "Violation of the West Virginia Human Rights Act;" Count IV against Herrald for "Intentional Infliction of Emotional Distress and/or Outrage;" Count V against Shentel for "Vicarious Liability of Shentel Cable Company for the Acts of its Employee, Robert Herrald;" Count VI against Defendants for "Retaliatory Discharge;" and Count VII for "Punitive Damages."

2

*Count I: Deliberate Intent*

4.     In Count I of his First Amended Complaint (¶¶ 6-9), Plaintiff alleges that he suffered workplace injuries as a result of the deliberate intent of Defendants.

5.     Under the West Virginia Workers' Compensation Act, employers and their agents are generally immune from liability for workplace injuries. W.Va. Code §§ 23-4-2(d)(1); 23-2-6; 23-2-6a. The only exception to this immunity is where the employer injures an employee by "deliberate intent." W.Va. Code § 23-4-2(d)(2).

6.     West Virginia law provides that plaintiffs must overcome "a high threshold to establish a cause of action under" the deliberate intent statute. Syllabus Point 8, *Tolliver v. Kroger Co.*, 498 S.E.2d 702 (W.Va. 1997). A plaintiff in a deliberate intent case must allege either that (1) the employer specifically intended the resulting injury, or (2) that it had a subjective realization of an unsafe working condition and intentionally subjected the employee to it. W.Va. Code § 23-4-2(d)(2).

7.     In this case, construing the facts and inferences in favor of Plaintiff, his Complaint fails to state a claim under either method. Count I of the First Amended Complaint raises absolutely no factual allegations whatsoever. Paragraph 6 of the Complaint simply incorporates by reference Paragraphs 1 through 5, which themselves do not allege any facts related to an injury. Paragraph 7 through 9 merely paraphrase and/or recite the deliberate intent statutory language.

8.     Even if some of the subsequent allegations of the Complaint were read into Count I, they would still be wholly insufficient to spell out a deliberate intent claim. Simply put, Plaintiff does not allege fact which, if true, would support his claim. For example, he does not allege what injury he sustained, what the unsafe working condition was, or what Defendants allegedly did wrong. Therefore, the Court **FINDS** that Plaintiff has failed to state a claim for deliberate intent.

3

## Count II: Negligence

9. Plaintiff alleges negligence against Defendants in Count II of his First Amended Complaint (¶¶ 10-14). He contends that "Defendants breached the duty owed to the plaintiff to provide him with a reasonably safe place to work" and that "Plaintiff was injured" as a result of this breach of duty. (First Amended Complaint, ¶¶ 12-13).

10. Employers are immune from negligence claims under the West Virginia workers' compensation system. The system was designed to "remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except as expressly provided." W.Va. Code § 23-4-2(d)(1). Section 23-2-6 of the West Virginia Code provides that "[a]ny employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring." W.Va. Code § 23-2-6. This immunity extends to Herrald, Plaintiff's supervisor. Section 23-2-6a provides that "[t]he immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." W.Va. Code § 23-2-6a.

11. Only employee claims for injuries as a result of deliberate, intentional acts of his or her employer are excluded from the West Virginia workers' compensation system. Claims of negligence are not. *See* W.Va. Code § 23-4-2(d)(2)(i). Plaintiff's cause of action for "Negligence," therefore, falls squarely within those types of claims for which immunity is provided to employers and other parties under the West Virginia Workers' Compensation Act. Consequently, the Court

**FINDS** that Count II of the First Amended Complaint fails to state a claim upon which relief may be granted.

### Count III: West Virginia Human Rights Act

12. Plaintiff alleges a violation of the West Virginia Human Rights Act in Count III of his First Amended Complaint (¶¶ 15-30). Specifically, Plaintiff alleges that Defendants violated the Act by terminating him for reporting an unsafe working condition. (First Amended Complaint, ¶ 24).

13. The Human Rights Act protects the rights of individuals to enjoy equal employment and public accommodation opportunities without regard to "race, religion, color, national origin, ancestry, sex, blindness, disability or familial status." West Virginia Code § 5-11-2. The Act does not address the reporting of unsafe working conditions. Therefore, Plaintiff's allegation in this regard fails to raise a cognizable claim under the Act.

14. Plaintiff also alleges that he was rendered temporarily disabled as a result of his injury. (First Amended Complaint, ¶ 25). Plaintiff does not set forth what his alleged disability was, nor does he contend that he was the victim of disability discrimination, reprisal, or any other actionable conduct under the Human Rights Act. Simply put, Plaintiff does not allege any facts which, if true, would constitute a violation of the Human Rights Act.

15. Plaintiff also fails to raise any facts that would support a claim for individual liability under the Act as to Herrald. The Act's prohibition on employment discrimination only applies to "employers," and there is no allegation in the First Amended Complaint that Herrald was Plaintiff's employer. The Act allows certain claims against individuals, but Plaintiff has not alleged any such conduct as to Herrald. *See* W.Va. Code § 5-11-9(7). Thus, the Court **FINDS** that Count III of the First Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

5

### Counts IV and V: Intentional Infliction of Emotional Distress

16. Plaintiff alleges intentional infliction of emotional distress ("IIED") against Herrald in Count IV (¶¶ 31-38) of his First Amended Complaint, and alleges in Count V (¶¶ 39-42) that Shentel is vicariously liable for Herrald's actions in that regard.

17. The requisite elements of an IIED claim are the following:

> (1) [T]hat the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syllabus Point 3, *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d 419 (W.Va. 1998). Whether conduct may be reasonably considered outrageous is a legal question. *Hatfield v. Health Mgmt. Assocs. of W.Va.*, 672 S.E.2d 395, 404 (W.Va. 2008). Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Harless v. First National Bank in Fairmont*, 289 S.E.2d 692, 703–04, n.20 (W.Va. 1982).

18. The First Amended Complaint fails to state a claim for IIED because it does not set forth any allegations of outrageous conduct. Plaintiff has not articulated why his termination of employment was "outrageous" or "atrocious," other than the fact it occurred. The fact that Plaintiff's employment was terminated is simply not actionable under this theory. Therefore, the Court **FINDS** that Counts IV and V of the First Amended Complaint fail to state any claim for IIED.

### Count VI: Retaliatory Discharge

19. In Count VI of his First Amended Complaint (¶¶ 43-48), Plaintiff contends that Defendants' actions constitute retaliatory discharge motivated by the contravention of a substantial

6

public policy of the State of West Virginia, as articulated in *Harless v. First National Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978).

20. The existence of a particular public policy in West Virginia "is a question of law, rather than a question of fact for a jury." Syllabus Point 1, *Cordle v. General Hugh Mercer Corp.*, 325 S.E.2d 111 (W. Va. 1984).

21. In *Owen v. Board of Education of the County of Mercer, et al.*, 441 S.E.2d 398, 399 (W. Va. 1994), the Supreme Court of Appeals affirmed the dismissal of a *Harless*-style retaliatory discharge claim where the plaintiff's complaint (1) did not identify a substantial public policy and (2) did not provide a sufficient description of her discharge. The plaintiff, a former school teacher, filed a complaint alleging that she "was terminated because she was a strong advocate for special education students and for the enforcement of their rights contained in the Education of Exceptional Children Act." She contended that "her termination violated the substantial public policy contained in these statutory provisions." *Id.* The Court determined that such a general complaint was insufficient to raise a cognizable retaliatory discharge claim:

> In the present case, the complaint contained only the conclusionary statement that "Plaintiff was wrongfully and deliberately fired ... for unlawful reasons in violation of substantial public policies of the State of West Virginia and state and federal law, including, but not limited to, the Education of Exceptional Children Act, West Virginia Code § 18-20-1, et seq., and the Education of the Handicapped Act, 20 USCS § 1401." ***It contains no specific facts which identify the event or policy.*** Under *Fass*, the dismissal was proper.

*Id.* (emphasis added).

22. In the present case, the First Amended Complaint neither identifies a substantial public policy that Shentel allegedly violated by terminating Plaintiff, nor does it set forth specific facts precipitating Plaintiff's discharge.

7

23. Plaintiff does not identify any actual substantial public policy implicated by his discharge. He alleges that Shentel's termination of him contravened a substantial public policy of the State, as set forth in West Virginia Code §§ 21-3A-1a and 21-3A-13 of the West Virginia Occupational Safety and Health Act. These code provisions, however, only apply to "public" employers. *See* W.Va. Code § 21-3-4 ("[T]his article applies to all public employers, public employees and public workplaces within the State of West Virginia."). There is no allegation in the First Amended Complaint that Shentel, a cable operator, is a public employer. Therefore, the West Virginia Occupational Safety and Health Act does not provide a substantial public policy applicable to this case.

24. Plaintiff contends that there were "hazardous working conditions," but he does not state what they were. Even if he did make generalized safety complaints, there is no substantial public policy of the State of West Virginia protecting such complaints. *See Washington v. Union Carbide Corp.*, 870 F.2d 957, 964 (4th Cir. 1989).

25. To support a *Harless* retaliatory discharge claim, Plaintiff must specifically identify some statute or regulation that was allegedly violated. Because he has not, he has failed to raise a cognizable cause of action under *Harless*.

26. Even if Plaintiff had identified a substantial public policy, he has not alleged sufficient facts surrounding his discharge. He states simply that he was discharged for reporting a hazardous working condition. (First Amended Complaint, ¶¶ 26-29). Such a general statement does not sufficiently describe the circumstances surrounding his discharge, "especially in the wrongful discharge context, [where] sufficient facts must be alleged which outline the elements of the plaintiff's claim." *Fass*, 350 S.E.2d at 564; *see also Owen*, 441 S.E.2d at 399. Consequently, the

8

Court **FINDS** that Plaintiff has failed to raise a cognizable claim of *Harless*-style retaliatory discharge.

27. As to all of the Counts in the First Amended Complaint, the Court agrees that Plaintiff does not have to prove his case in defending against the present motion. But, he does not even allege facts which, if true, would support his claims. Simply put, he has not put Defendants on notice as to what his claims are. Therefore, his First Amended Complaint fails to state a claim upon which relief may be granted.

28. Finally, during the hearing on this matter, Plaintiff orally requested the opportunity to amend his First Amended Complaint. As the Court verbally ruled at that time, it **DENIES** Plaintiff's request on the basis that he has already had an opportunity to amend his Complaint.

Based on the above, the Court **FINDS** that Plaintiff's First Amended Complaint fails to state any claim upon which relief can be granted. Therefore, dismissal is appropriate under W.Va. R. Civ. P. 12(b)(6). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **ORDERS** that Plaintiff's Complaint in this action be dismissed with prejudice. The Court notes Plaintiff's objections to all of the foregoing. The Clerk is directed to send a certified copy of this Order to all counsel of record.

IT IS SO ORDERED this 3RD day of January, 2012

ENTERED:

Honorable John W. Hatcher, Jr.

A TRUE COPY of an order entered
January 3, 2012
Teste: Daniel T. Wright
Circuit Clerk Fayette County, WV.

9

Presented by:

Ashley C. Pack (WVSB #10477)
Brian J. Moore (WVSB #8898)
Dinsmore & Shohl LLP
P.O. Box 11887
Charleston, WV 25339
T: (304) 357-0900; F: (304) 357-0919

Thomas Ullrich
Wharton Aldhizer & Weaver PLC
100 South Mason St.
P.O. Box 20028
Harrisonburg, VA 22801
T: (540) 438-5322; F: (540) 434-5502

*Counsel for Defendants*

260379.v1

PLAITIFF'S COUNSEL

SCOTT ANDREWS
P.O. BOX 249
BARBOURSVILLE, WV
25504

10