## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**University Commons Riverside**
**Homeowners Association, Inc.,**
**Plaintiff Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0077** (Monongalia County 09-C-85)

**O.C. Cluss Professional Services, LLC,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner University Commons Riverside Homeowners Association, Inc., by counsel P. Gregory Haddad, appeals the December 14, 2011 order of the Circuit Court of Monongalia County denying its motion for leave to amend the first amended complaint. Respondent O.C. Cluss Professional Services, LLC, ("Cluss Services") by counsel Kathleen Jones Goldman, has filed a response, to which petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 2, 2008, petitioner initiated the civil action below upon allegations that co-defendant in the civil action, University Commons Morgantown, LLC, engaged in negligent construction and deceptive marketing practices in regard to building a condominium complex. In regard to respondent, petitioner alleged liability relative to its status as a subcontractor retained to provide roofing services. After several years and one prior amendment to the original complaint, petitioner filed a motion to amend the first amended complaint on June 23, 2011. Petitioner sought to include O.C. Cluss Lumber Company ("Cluss Lumber") as a party to the action by alleging that Cluss Services was "either a shell company for O.C. Cluss Lumber Company . . . and/or was involved in a joint venture with O.C. Cluss Lumber Company." The circuit court denied petitioner's motion for leave to amend, and petitioner appeals this denial.

On appeal, petitioner raises four assignments of error. First, petitioner alleges that the circuit court erred when it failed to enforce the second amended scheduling order as required by Rule 16 of the West Virginia Rules of Civil Procedure. According to petitioner, because it attempted to amend its complaint to include an additional party three months in advance of the deadline for adding parties as set forth in the applicable scheduling order, its motion cannot be considered untimely. Second, petitioner argues that the circuit court erred in its finding that

1

permitting amendment would not serve the purpose of Rule 15 of the West Virginia Rules of Civil Procedure because leave to amend is to be freely given to secure adjudication on the merits. Third, petitioner alleges that the circuit court erred in determining the merits of petitioner's allegations against Cluss Lumber in denying the motion. Fourth, petitioner argues that the circuit court's order did not reflect its ruling and that the circuit court failed to include findings of fact and conclusions of law in its order as petitioner requested and as is required by Syllabus Point 6, *State ex rel. Allstate Insurance Company v. Gaughan*, 203 W.Va. 358, 508 S.E.2d 75 (1998).

In response, respondent argues that the circuit court properly denied petitioner leave to amend the first amended complaint. According to respondent, a scheduling order does not supersede a circuit court's discretion regarding amendments as set forth in Rule 15(a) of the West Virginia Rules of Civil Procedure. Respondent argues that petitioner had the information upon which it sought to base its amendment for over two years, and as such, the amendment was untimely. Further, respondent argues that petitioner's claims are time-barred and that circuit courts may consider futility in denying leave to amend. Lastly, respondent argues that petitioner failed to make the necessary requests for specific findings of fact and conclusions of law.

This Court has previously held that

> "[a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." *Syllabus Point 6, Perdue v. S.J. Groves and Sons Company*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

*Hawkins v. Ford Motor Co.*, 211 W.Va. 487, 490, 566 S.E.2d 624, 627 (2002). To begin, we find no merit in petitioner's first assignment of error. Despite the fact that the applicable scheduling order set a deadline for joining additional parties, the circuit court has discretion under Rule 15 to deny the second motion to amend.

As to petitioner's second assignment of error, a review of the record shows that the circuit court did not abuse its discretion in denying petitioner's second motion for leave to amend. The circuit court properly considered the appropriate factors in reaching its determination that the addition of Cluss Lumber would not serve the purpose of Rule 15 or facilitate the adjudication of the controversy on the merits. As such, we find no error in this regard.

In regard to petitioner's third argument that the circuit court improperly determined the merits of petitioner's allegations against Cluss Lumber in denying the motion to amend, the Court finds no evidence that the circuit court considered any improper factors in denying petitioner's motion.

Lastly, we find that the circuit court's order contained sufficient findings of fact and conclusions of law upon which this Court could base its review.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 14, 2011 order denying petitioner's motion for leave to amend is affirmed.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis