# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeffry Walker,**
**Plaintiff Below, Petitioner**

**vs)  No. 16-0758** (Kanawha County 14-C-770)

**The West Virginia House of Delegates,**
**Defendant Below, Respondent**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffry Walker ("Mr. Walker"), by counsel Karen H. Miller, Joseph L. Amos, Jr., and Adam K. Strider, appeals the order of the Circuit Court of Kanawha County, entered on July 18, 2016, that granted the motion of Respondent West Virginia House of Delegates ("the House of Delegates") for summary judgment and denied petitioner's motion for partial summary judgment. The House of Delegates appears by counsel Gary E. Pullin and Christopher C. Ross.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Walker filed a complaint in the Circuit Court of Kanawha County in 2014, asserting that his at-will employment as a custodian was illegally terminated after he suffered a work-related injury and reported unacceptable working conditions and harassment related to his workers' compensation claim. That same year, Mr. Walker filed an amended complaint, which included a deliberate intent claim on the basis that the ladder from which he fell (resulting in his compensable injury) was defective. Then, in early 2015, Mr. Walker filed a motion for leave to file a second amended complaint, in which he would assert a second deliberate intent claim on the basis that he was improperly trained and supervised on the safe use of ladders. The circuit court denied Mr. Walker's motion by order entered on June 16, 2015.

After discovery, the House of Delegates filed a motion for summary judgment, and Mr. Walker filed a motion for partial summary judgment on his claim for wrongful discharge based on disability. The court entered an order finding that its June 16, 2015, order "appl[ied] equally to [Mr. Walker's] original [d]eliberate [i]ntent claim" in the amended complaint, and granted summary judgment on that ground. Thereafter, on July 18, 2016, the court entered its order denying Mr. Walker's motion for partial summary judgment and granting the House of Delegates' motion on the remainder of Mr. Walker's claims on the grounds that Mr. Walker was not a disabled person within the meaning of the West Virginia Human Rights Act and that Mr.

1

Walker failed to present evidence that he was disparately treated based on his receipt of workers' compensation benefits.

Mr. Walker appeals the grant of summary judgment, asserting that the circuit court erred in (1) finding that he was not a member of a protected class at the time his employment was terminated, (2) finding that his filing of a workers' compensation claim was not a significant, motivating factor in the decision to terminate his employment, and (3) denying his motion to file a second amended complaint.

We begin with Mr. Walker's first and second assignments of error, which we review de novo (*see* syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994)), inasmuch as both concern the grant of summary judgment. First, we address Mr. Walker's employment discrimination claim. To make a prima facie case of discrimination, Mr. Walker must show that (1) he is a member of a protected class; (2) his employer made an adverse employment decision concerning him; and (3) but for his protected status, the adverse decision would not have been made. *See* Syl. Pt. 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 166, 358 S.E.2d 423, 425 (1986). As the circuit court explained, not only did Mr. Walker fail to show that he has a disability (having been released by his physician to full-duty work without restrictions), but he also failed to produce evidence demonstrating that he was perceived by his employer as having a disability. Mr. Walker therefore has failed to show that he is a member of a protected class, and has failed to make a prima facie claim of discrimination in violation of the West Virginia Human Rights Act.[1]

Second,

> [i]n order to make a prima facie case of discrimination under W.Va. Code, 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W.Va. Code, 23-1-1, *et seq.*; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

Syl. Pt. 1, *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 701, 403 S.E.2d 717, 718 (1991). Mr. Walker fails the third requisite; as the circuit court aptly noted, he "failed to adduce

---

[1] The West Virginia Human Rights Act provides, in part, that it is an unlawful discriminatory practice

> [f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled. . . .

W.Va. Code § 5-11-9(1).

sufficient evidence from which a rational finder of fact may infer that the filing [of] a claim under the West Virginia Workers['] Compensation Act was a significant factor in" the decision to terminate his employment. Mr. Walker, therefore, did not make a prima facie case of retaliation prohibited by West Virginia Code § 23-5A-1.[2]

We turn to Mr. Walker's third and final assignment of error, wherein he argues that the circuit court erred in denying his motion for leave to file a second amended complaint. This we review pursuant to the following standard:

> "A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should freely be given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus Point 6, *Perdue v. S.J. Groves and Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

Syl. Pt. 2, *Crum v. Equity Inns, Inc.*, 224 W. Va. 246, 248, 685 S.E.2d 219, 221 (2009). Under the facts presented by this case, we find no abuse of discretion on the part of the circuit court and we thus find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

---

[2] That code section provides: "No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under [West Virginia Code Chapter 23]."

Workman, Justice, dissenting, joined by Justice Davis:

I respectfully dissent to the reasoning and conclusions of the majority. Mr. Walker was employed by respondent as a custodian for more than fifteen years. Less than two weeks after his return to full-duty work following a workplace injury, his employment was terminated without stated cause. Mr. Walker regarded this timing as suspect and filed a complaint seeking redress.[1] In granting summary judgment against Mr. Walker, the circuit court exceeded its authority by ignoring genuine issues of material fact. As a result, Mr. Walker has been denied his right to have a jury consider the circumstances antecedent to the termination of his employment.

The basis for this denial was the circuit court's finding that he was neither disabled nor perceived as having a disability. The circuit court also found that Mr. Walker failed to present evidence that would allow the trier of fact to infer that his filing of a workers' compensation claim was a significant motivating factor in the decision to terminate his employment, thus depriving him of the opportunity to present his workers' compensation retaliation claim to a jury.

In addition to the dubious timing of the termination, Mr. Walker has offered additional allegations sufficient to defeat a motion for summary judgment. It is undisputed that Mr. Walker's employer contacted Brickstreet Insurance approximately one month before the termination and suggested that Mr. Walker be placed on temporary, total disability leave through workers' compensation. This suggestion was apparently based on the employer's expressed opinion that Mr. Walker could "no longer do the work" associated with his job, despite the fact that Mr. Walker was returned to light-duty work by his attending physician. Even after Mr. Walker was returned to full-duty work, his supervisor continued to question his abilities. Mr. Walker testified that his immediate supervisor "slapped me on my shoulder and asked me how the shoulder is today. He would comment that I should be on disability." Mr. Walker further testified that his supervisor directed him to perform work that was not consistent with his duty restrictions, and he overheard his direct supervisor complain to his supervisor "about my time off, you know, going to therapy and doctors' appointments" necessitated by his workplace injury. Mr. Walker testified that when he addressed those matters with his supervisor, the supervisor said "[t]hat I should be on disability." Thus, Mr. Walker has presented evidence sufficient to defeat a motion for summary judgment on the issue of whether his employment was terminated based upon real or perceived disability or upon his receipt of workers' compensation benefits.

---

[1] Mr. Walker's complaint cited the West Virginia Human Rights Act, West Virginia Code § 5-11-1 (2013), and West Virginia Code § 23-5A-1 (2010), which provides: "No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter." Mr. Walker also claimed that respondent's use of a "substandard and defective" ladder constituted respondent's deliberate intent to cause his workplace injury in violation of West Virginia Code § 23-4-2 (2010).

4

This Court adeptly expressed the significance of the connection between the filing of a workers' compensation case and a subsequent termination in a seminal case on workers' compensation discrimination, *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 403 S.E.2d 717 (1991), wherein we explained:

> In determining whether there is a nexus between the filing of the workers' compensation claim and the discharge, we take heed of this warning by the New York Court of Appeals in *Axel v. Duffy-Mott Co.*, 47 N.Y.2d at 6, 416 N.Y.S.2d at 556, 389 N.E.2d at 1077:
>
>> [I]n a case premised on an alleged violation of a statute purposed to counter retaliation or other discrimination, we must keep in mind that those engaged in such conduct rarely broadcast their intentions to the world. Rather, employers who practice retaliation may be expected to seek to avoid detection, and it is hardly to be supposed that they will not try to accomplish their aims by subtle rather than obvious methods. . . . Moreover, employers are vested with considerable discretion in the hiring and firing of their employees so as to maintain an efficient and productive work force, and the visible manifestations of even a most improperly motivated discharge may be difficult to sort out from a nonretaliatory exercise of this discretion. (Citations and quotes omitted).
>
> Because of the usual lack of direct evidence, courts have looked to a variety of factors. Proximity in time of the claim and the firing is relevant, of course. Evidence of satisfactory work performance and supervisory evaluations before the accident can rebut an employer's claim of poor job performance. Any evidence of an actual pattern of harassing conduct for submitting the claim is very persuasive. . . .

*Id.* at 704, 403 S.E.2d at 721.

I also believe the circuit court abused its discretion in denying Mr. Walker's motion to amend his complaint to state a claim of deliberate intent for failure to appropriately train on the use of a ladder. As this Court explained in syllabus point six of *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968):

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a

5

trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

In seeking to amend his complaint, Mr. Walker clearly conveyed his intent to present Occupational Safety and Health Administration ("OSHA") regulations and American National Standards Institute ("ANSI") safety regulations to establish the existence of industry standards. In response, the circuit court ruled that Mr. Walker's amendment of the complaint would have been futile because respondent is exempt from OSHA oversight and ANSI standards do not carry the force and effect of law.

Our deliberate intent statute does not require that a standard be a *legal* one, but rather that it be "a commonly accepted and well-known safety standard within the industry or business of the employer. . . ." W.Va. Code § 23-4-2; *see also McComas v. ACF Indus., LLC*, 232 W.Va. 19, 28, 750 S.E.2d 235, 244 (2013) ("The ANSI/NFPA standards were commonly accepted and well-known within the industry, and the deposition testimony reveals that [the defendant] had, at least, some awareness of those standards. The circuit court concluded that [the defendant] failed to comply with the requirement of [ANSI inspection standards] and that, if inspections had been conducted, [the defendant] might have identified the problem with the box that injured McComas."). The parties in the case sub judice remained engaged in discovery at the time the motion for leave to amend was filed, and I believe it was an abuse of discretion for the trial court to deny petitioner the opportunity to demonstrate that commonly accepted safety standards were violated.

Based upon the foregoing, I respectfully dissent to the majority opinion, and I would have reversed the decision of the lower court and allowed this case to be presented to a jury.

I am authorized to state that Justice Davis joins me in this separate opinion.

6