# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Timothy McGowan,**
**Plaintiff Below, Petitioner**

**vs.)   No. 19-0403** (Tucker County 18-C-14)

**Timberline Association, Inc.,**
**Defendant Below, Respondent**

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Timothy McGowan, self-represented litigant, appeals two orders of the Circuit Court of Tucker County. In an order entered April 2, 2019, the circuit court denied petitioner's March 15, 2019, motion to re-raise the claim from his original complaint that his November 18, 2017, verbal resignation from Respondent Timberline Association, Inc.'s board of directors was not effective. In an order entered April 3, 2019, the circuit court dismissed petitioner's amended complaint and struck his second amended complaint from the record.[1] Respondent, by counsel Robert C. Chenoweth, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]Except for whether respondent should be awarded its attorney's fees, the circuit court's April 3, 2019, order disposed of petitioner's case and informed him of his appeal rights. The April 2, 2019, order constitutes an interlocutory order that became appealable with the April 3, 2019, final order. *See Riffe v. Armstrong*, 197 W. Va. 626, 637, 477 S.E.2d 535, 546 (1996) (finding that "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders"), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999). In a subsequent order, entered on April 22, 2019, the circuit court awarded respondent its attorney's fees in the amount of $4,029.93, for the period when petitioner no longer had the court's leave to file an amended complaint. The parties dispute whether petitioner appealed the April 22, 2019, order awarding attorney's fees. We find that petitioner failed to appeal the April 22, 2019, order for two reasons: (1) unlike the April 2, 2019, and April 3, 2019, orders, petitioner did not attach the April 22, 2019, order to his notice of appeal; and (2) petitioner did not file a separate notice of appeal regarding that order.

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is now moot with regard to the April 2, 2019, order and that there is no substantial question of law and no prejudicial error as to the April 3, 2019, order. For these reasons, a memorandum decision dismissing as moot the appeal with regard to the April 2, 2019, order and affirming the April 3, 2019, order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a permanent resident of the Timberline residential community in Tucker County, West Virginia. Respondent is the homeowners' association that governs the community. On July 16, 2016, petitioner was elected to a three-year term as a permanent resident representative on respondent's board of directors, with the term ending on September 29, 2019. At a November 18, 2017, board meeting, petitioner verbally resigned from respondent's board and then left the meeting. Immediately thereafter, the board appointed another permanent resident to fill the vacant position left by petitioner's resignation. On or about November 25, 2017, petitioner submitted a written resignation to respondent, specifying that his resignation would not be effective until September 29, 2019, the natural end date of his term as a board member. Respondent did not recognize petitioner's written resignation, but treated his earlier verbal resignation as effective.

On April 9, 2018, petitioner filed a complaint against respondent in the Circuit Court of Tucker County, asserting two causes of action: (1) respondent should not have treated petitioner's November 18, 2017, verbal resignation from its board of directors as effective; and (2) respondent improperly denied petitioner access to its records. On May 9, 2018, respondent filed a motion to dismiss petitioner's complaint, or in the alternative, for summary judgment on his claims. At an August 23, 2018, hearing on respondent's motion, petitioner raised claims not included in his April 9, 2018, complaint. The circuit court ruled that it would consider only those two claims set forth in the complaint. On September 5, 2018, petitioner filed a supplement, which also raised claims not included in his complaint. The circuit court treated petitioner's supplement as a motion to file an amended complaint. By order entered on January 2, 2019, the circuit court awarded respondent summary judgment on the claims that were set forth in the complaint and granted petitioner's motion to file an amended complaint to the extent that leave was given to assert three new claims that would not have been discoverable at the time of the April 9, 2018, complaint.[2]

On January 14, 2019, petitioner filed an amended complaint that repeated the two claims from the April 9, 2018, complaint. In a January 15, 2019, letter to both parties, the circuit court

---

[2]The three claims the circuit court found would not have been discoverable at the time of the April 9, 2018, complaint were: (1) violation of respondent's bylaws by the nomination of a non-permanent resident for a permanent resident seat on the board at a July of 2018 election; (2) violation of respondent's bylaws by the refusal to place petitioner's name on the ballot at the July of 2018 election after he presented a petition allegedly signed by five permanent residents of the community; and (3) violation of respondent's bylaws through the use of improper procedure in approving a revised article of the bylaws regarding residents' access to respondent's records during July of 2018.

indicated that petitioner's amended complaint did not comply with its order granting leave to assert the three new claims. On February 4, 2019, without seeking the leave of the circuit court, petitioner filed a second amended complaint in an attempt to assert the new claims that were not previously adjudicated.[3]

On January 25, 2019, respondent filed a motion to dismiss the amended complaint, and on February 7, 2019, a motion to strike the second amended complaint from the record. On March 15, 2019, petitioner filed a motion for leave to re-raise the claim from his original complaint, arguing that his November 18, 2017, verbal resignation was not effective pursuant to West Virginia Code § 31E-8-808.[4]

Following a March 19, 2019, hearing, the circuit court entered an order on April 2, 2019, and a second order on April 3, 2019. In the April 2, 2019, order, the circuit court denied petitioner's March 15, 2019, motion, finding that it previously rejected petitioner's argument that West Virginia Code § 31E-8-808 required resignations from a board of directors to be in writing. In the April 3, 2019, order, the circuit court granted respondent's motion to dismiss petitioner's amended complaint and further granted respondent's motion to strike petitioner's second amended complaint from the record, finding that (1) the amended complaint failed to comply with the circuit court's January 2, 2019, order because it did not assert the three new claims that would not have been discoverable at the time of the original complaint; and (2) petitioner failed to obtain the court's leave to file the second amended complaint.

Petitioner now appeals the circuit court's April 2, 2019, and April 3, 2019, orders. First, we find that with regard to the April 2, 2019, order, petitioner's appeal has been rendered moot. "'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W. Va. 79, 640 S.E.2d 142 (2006). Here, in the April 2, 2019, order, the circuit court denied petitioner's March 15, 2019, motion, finding that it previously rejected his argument that West Virginia Code § 31E-8-808 required resignations from the board of directors for a non-profit corporation to be in writing. Regardless of whether the verbal resignation was effective, petitioner's term on the board expired on September 29, 2019. Therefore, we dismiss as moot petitioner's appeal with regard to the April 2, 2019, order.[5]

---

[3]Petitioner refers to his second amended complaint as the "amended revised complaint."

[4] West Virginia Code § 31E-8-808 is a provision of the West Virginia Nonprofit Corporation Act, West Virginia Code §§ 31E-1-101 through 31E-16-1603.

[5]Petitioner also requested that the circuit court nullify every act of respondent's board of directors, in which petitioner was not allowed to participate following his November 18, 2017, resignation. We find that petitioner is not entitled to this additional relief. West Virginia Code § 31E-3-304(c) provides, in pertinent part, that the circuit court may set aside a challenged act "if equitable *and if all affected persons are parties to the proceeding*." (Emphasis added.). Here, given

With regard to the circuit court's April 3, 2019, order, we find that the court properly dismissed petitioner's amended complaint and struck his second amended complaint from the record. Rule 15(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

(Emphasis added.). In Syllabus Point 4 of *Bowyer v. Wyckoff*, 238 W. Va. 446, 796 S.E.2d 233 (2017), we held:

> "A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus point 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968).

Here, the circuit court granted petitioner leave in its January 2, 2019, order to file an amended complaint to assert the three new claims that would not have been discoverable at the time of his original complaint. In the April 3, 2019, order, the circuit court found that petitioner failed to comply with its directive as petitioner's January 14, 2019, amended complaint repeated the two claims from the original complaint that the court previously adjudicated in the January 2, 2019, order. Following our review of the record, we concur in the circuit court's finding. Therefore, we conclude that the circuit court did not err in granting respondent's motion to dismiss the amended complaint.

Petitioner argues that based on the circuit court's January 15, 2019, letter to both parties, he had leave to file his February 4, 2019, second amended complaint to assert the new claims that were not previously adjudicated. Respondent counters that the circuit court properly granted its motion to strike the second amended complaint due to petitioner's failure to seek leave of the circuit court to file his second amended complaint. We agree with respondent. In the January 15, 2019, letter, the circuit court first indicated that the January 14, 2019, amended complaint failed to comply with its order permitting petitioner to assert the three new claims, but did not grant leave

---

petitioner's request for the circuit court to set aside *every* act in which he was not allowed to participate, we find that all affected persons were not parties to the proceeding in which petitioner sued only respondent.

to file a second amended complaint. Therefore, following our review of the record, we conclude that the circuit court did not err in striking the second amended complaint.

For the foregoing reasons, we dismiss as moot petitioner's appeal with regard to the April 2, 2019, order and affirm the circuit court's April 3, 2019, order dismissing petitioner's amended complaint and striking his second amended complaint from the record.

Dismissed as Moot, in part, and Affirmed, in part.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman