**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**January 2017 Term**

No. 15-1139

**FILED**

**January 26, 2017**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID EARL BOWYER,**
**Defendant Below, Petitioner**

**V.**

**DEBORAH L. WYCKOFF, ET AL.,**
**Plaintiffs Below, Respondents**

---

**Appeal from the Circuit Court of Doddridge County**
**Honorable Timothy L. Sweeney, Judge**
**Civil Action No. 10-C-40**

**AFFIRMED**

---

**Submitted: January 10, 2017**
**Filed: January 26, 2017**

**Scott L. Summers**
**Summers Law Office, PLLC**
**Charleston, West Virginia**
**Timothy J. O'Neill, III**
**Buckhannon, West Virginia**
**Attorneys for the Petitioner**

**John M. Hedges**
**Stephanie L. Mascella**
**Hedges & Lyons, PLLC**
**Morgantown, West Virginia**
**Attorneys for the Respondents,**
**George J. Buff, III; J. Charles Buff; and**
**Estate of Helen Buff**

**B. Scott Wolfe**
**Harrisville, West Virginia**
**Attorney for the Respondent,**
**Deborah Lynn Wyckoff**

**Edmund L. Wagoner**
**Goddard & Wagoner**
**Clarksburg, West Virginia**
**Attorney for the Respondents,**
**Janice A. Hurst and**
**Ronald L. Cumberledge**

**Cynthia J. T. Loomis**
**Loomis Law Office**
**Salem, West Virginia**
**Attorney for the Respondents,**
**Alex Semenik and Erin Brown**

**Paul V. Morrison, II**
**Windom Law Offices**
**Harrisville, West Virginia**
**Attorney for the Respondents,**
**Maribel Pontious, Nelson Swiger, and**
**The Seventh Day Baptist Memorial**
**Fund, Inc.**

**E. Ryan Kennedy**
**Robinson & McElwee**
**Clarksburg, West Virginia**
**Attorney for the Respondents,**
**Patricia Ann Swiger, Ralph Dewayne Swiger,**
**Thomas Swiger, and Joyce Swiger**

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "Under W. Va. Code, 37-4-3, when partition in kind 'cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest may entitle him or them to. . . .'" Syllabus point 2, *Smith v. Smith*, 180 W. Va. 203, 376 S.E.2d 97 (1988).

2. "By virtue of W. Va. Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale." Syllabus point 3, *Consolidated Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712 (1978).

3. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus point 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

4. "A trial court is vested with a sound discretion in granting or refusing

leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus point 6, *Perdue v. S.J. Groves & Sons Co.,* 152 W. Va. 222, 161 S.E.2d 250 (1968).

5.      "The liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay." Syllabus point 3, *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 618 S.E.2d 537 (2005).

**Davis, Justice:**

The petitioner herein and defendant/third-party plaintiff below, David Earl Bowyer ("Mr. Bowyer"), appeals from an order entered October 18, 2015, by the Circuit Court of Doddridge County. By that order, the circuit court denied Mr. Bowyer's motion to amend his third-party complaint and granted partial summary judgment to the respondent herein and plaintiff/third-party defendant below, Deborah L. Wyckoff, et al.[1] ("Ms. Wyckoff"). On appeal to this Court, Mr. Bowyer contends that the circuit court erred by denying his motion to amend his third-party complaint and by adopting a prerequisite factor to establish entitlement to a partition by sale that is not required by the governing authorities. Upon our review of the parties' arguments, the appendix record, and the pertinent authorities, we conclude that the circuit court did not err by denying Mr. Bowyer's amendment to his third-party complaint. Moreover, any error committed by the circuit court in adopting an additional factor to be satisfied in a suit for partition by sale is not grounds for reversal insofar as Mr. Bowyer has neither established his entitlement to partition by sale as required by W. Va. Code § 37-4-3 (1957) (Repl. Vol. 2011), and reiterated by this Court in Syllabus point 3 of *Consolidated Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712 (1978),

---

[1]Additional respondents herein are George J. Buff, III; J. Charles Buff; Estate of Helen Buff; Janice A. Hurst; Ronald L. Cumberledge; Alex Semenik; Erin Brown; Maribel Pontious; Nelson Swiger; The Seventh Day Baptist Memorial Fund, Inc.; Patricia Ann Swiger; Ralph Dewayne Swiger; Thomas Swiger; and Joyce Swiger. Insofar as these respondents have common interests in the instant proceeding and have filed a joint response brief in the case *sub judice*, they will be referred to collectively as "Ms. Wyckoff."

nor challenged the circuit court's ruling in this regard. Accordingly, we affirm the October 18, 2015, order of the Circuit Court of Doddridge County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The essential facts of this case are as follows. All of the parties herein are co-owners of several tracts of land in Doddridge County, West Virginia. The respondent (Ms. Wyckoff) filed this lawsuit against the petitioner (Mr. Bowyer) in 2010, seeking to partition the surface in kind or by sale. Mr. Bowyer then filed a counterclaim and third-party complaint, seeking to partition the surface and/or[2] the coal, oil, and gas below the surface either through partition by allotment or partition by sale. Some of the respondent parties already have leased their oil and gas interests to Antero Resources Corporation ("Antero"). The remaining respondents also have expressed a desire to lease their mineral interests to Antero, but they have been precluded from doing so by the instant litigation. It appears that Mr. Bowyer wishes to develop the shallow minerals in his property himself, while leasing his deeper mineral interests to Antero.

---

[2]Mr. Bowyer presumably phrased the property interests sought to be partitioned in the alternative given that the extent of the various co-owners' interests varied as to the particular parcel of property under consideration, *i.e.*, some co-owners owned only surface rights in the subject tract(s), while others owned only mineral rights, while still others owned both surface and mineral rights.

Following a failed mediation attempt, the circuit court granted summary judgment to Ms. Wyckoff by order entered October 18, 2015. In summary, the circuit court found that Mr. Bowyer had not established the statutory elements for a partition by allotment or by sale and denied Mr. Bowyer's request to further amend his third-party complaint. From these adverse rulings, Mr. Bowyer appeals to this Court.

## II.

### STANDARD OF REVIEW

The errors assigned by Mr. Bowyer herein pertain to the circuit court's rulings interpreting the law regarding partition by sale and the amendment of complaints. With respect to Mr. Bowyer's contention that the circuit court misinterpreted or misapplied the law in rendering its ruling, we previously have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

Moreover, regarding Mr. Bowyer's assertion that the circuit court improperly denied his motion to amend his complaint, we have held that "[a] motion to amend a pleading

3

is addressed to the sound discretion of the trial court and such discretion will not be disturbed on appeal unless there is a showing of abuse of discretion." Syl. pt. 1, *Nellas v. Loucas*, 156 W. Va. 77, 191 S.E.2d 160 (1972).

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

On appeal, Mr. Bowyer has assigned three errors, which are summarized as follows. Mr. Bowyer first argues that the circuit court erred by adopting an extra prerequisite factor for ordering a partition by sale that is not included in the list of three statutory elements therefor set forth in W. Va. Code § 37-4-3, and reiterated by this Court in Syllabus point 3 of *Consolidated Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712, which extra factor required there to be "an inability of the mineral owners to agree on how to develop the mineral estate." Next, Mr. Bowyer claims that the circuit court erred by concluding that the parties agreed regarding the development of the mineral estate; stated otherwise, the circuit court erred by finding that the extra prerequisite factor addressed in the first assignment of error had not been satisfied. Finally, Mr. Bowyer contends that the circuit court erred by refusing his motion to further amend his complaint, which amendments pertained to (1) satisfaction of the extra prerequisite factor discussed in the foregoing assignments of error

4

and (2) satisfaction of one of the original statutory elements set forth in W. Va. Code § 37-4-3. We will consider each of these assigned errors in turn.[3]

### A. Requisite Elements to Establish Partition by Sale

Mr. Bowyer first contends that the circuit court erred by adopting a new prerequisite factor to establish his entitlement to partition by sale and that the court further erred by concluding that he had not satisfied such factor. We agree with Mr. Bowyer that the circuit court erred by adopting an additional prerequisite factor that is not statutorily required to establish entitlement to a partition by sale. However, we conclude that reversal is not warranted on this basis because the circuit court additionally considered the three statutory elements set forth in W. Va. Code § 37-4-3, and reiterated by this Court in Syllabus point 3 of *Riley*, to find that Mr. Bowyer was not entitled to partition by sale and to grant summary judgment to Ms. Wyckoff.

With respect to the error, itself, Mr. Bowyer is correct that the circuit court adopted an additional, prerequisite factor to establish the elements of partition by sale insofar as the circuit court noted, in its conclusions of law, that

[3]Although the case *sub judice* is before this Court on appeal from the circuit court's grant of summary judgment to the respondents, our review is limited to the errors assigned by Mr. Bowyer. Insofar as Mr. Bowyer's assignments of error are exceedingly specific, we do not consider the propriety of the circuit court's summary judgment ruling, as a whole.

> [i]t is a predicate to the partition of an oil and gas mineral interest that there be an inability of the mineral owners to agree on how to develop the mineral estate. *Cawthon, et al. v. CNX Gas Company, LLC*, No. 11-1231 W. Va. Supreme Court, Nov. 16, 2012 (memorandum decision); 2012 WL 5835068 (W. Va.). In the absence of proof showing an unwillingness or inability to agree on the development of the mineral estate, a partition by sale or allotment is inappropriate.

Nevertheless, in the several conclusions of law preceding this passage, the circuit court considered both the statutory factors for partition by sale set forth in W. Va. Code § 37-4-3, as well as this Court's reiteration thereof in Syllabus point 3 of *Riley*, in support of its conclusion that Mr. Bowyer had not satisfied these criteria, either.

W. Va. Code § 37-4-3 (1957) (Repl. Vol. 2011) explains when partition by allotment or by sale is proper:

> When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to; or in any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interest of the other person or persons so entitled will not be prejudiced thereby, the court, notwithstanding the fact that any of those entitled may be an infant, insane person, or convict, may order such sale, or such sale and allotment, and make distribution of the proceeds of sale, according to the respective rights of those entitled, taking care, when there are creditors of any deceased person who was a tenant in common, joint tenant, or coparcener, to have the proceeds of such deceased person's part applied according to the rights of such creditors. Where it

clearly appears to the court that partition cannot be conveniently made, the court may order sale without appointing commissioners. . . .

The elements required to demonstrate a partition by allotment are rather straightforward:

> Under W. Va. Code, 37-4-3, when partition in kind "cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest may entitle him or them to. . . ."

Syl. pt. 2, *Smith v. Smith*, 180 W. Va. 203, 376 S.E.2d 97 (1988). Partition by allotment requires more than a mere offer by one of the parties to buy out the other:

> "If, however, only one of the parties is willing to have the whole allotted to him, and the other parties are unwilling to take for their interests what such party is willing to pay therefor, then the court may either refer the matter to a commissioner to ascertain the fair value to be paid for said interests, or order the whole subject to be sold, as the one or the other course may seem to the court to be the most advisable, and promotive of the interests of all the parties in interest."

*Smith*, 180 W. Va. at 207-08, 376 S.E.2d at 101-02 (quoting *Corrothers v. Jolliffe*, 32 W. Va. 562, 565, 9 S.E. 889, 890 (1889)) (footnote omitted).

7

However, the requirements to establish partition by sale are a bit more complex. We clarified the requisite statutory elements necessary to compel partition by sale in Syllabus point 3 of *Consolidated Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712 (1978):

> By virtue of W. Va. Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.

In rendering its ruling, the circuit court concluded that Mr. Bowyer had not proven his entitlement to partition by allotment[4] or by sale. With specific respect to partition by sale, the court explained that

> [s]trict compliance with the requirements permitting a partition by sale is required inasmuch as such remedy relies exclusively on statutory enactment and was unknown at common law. *Loudin v. Cunningham*, 82 W. Va. 453, 96 S.E. 59 (1918); W. Va. Code § 37-4-3 (1957). Therefore, absent satisfaction of the legal prerequisites to forced sale, there is no right to partition by sale and the same is properly denied notwithstanding a finding that the subject property interest is not capable of a convenient partition in kind.

> The question of what promotes or prejudices a party's interest when a partition through sale is sought must necessarily turn on the particular facts of each case. *Riley*, supra.

---

[4]We do not consider the propriety of the circuit court's ruling as to partition by allotment insofar as that issue has not been raised as an assignment of error in this case.

The forced sale of oil and gas minerals precludes the owner the benefit of lease consideration and the prospect of production proceeds, which represent the primary and perhaps the exclusive value which such ownership vests. Therefore, the public interest will not be promoted by sale.

The court ultimately ruled that the respondents, Ms. Wyckoff, et al., were entitled to summary judgment because Mr. Bowyer had not established his entitlement to partition by allotment or by sale pursuant to W. Va. Code § 37-4-3.

Because the circuit court, in addition to applying the improper fourth factor, also properly considered and applied the statutory elements for partition by allotment or by sale to deny Mr. Bowyer relief, the circuit court's order should be affirmed insofar as it did not solely base its decision on the improper fourth factor. In this regard, we previously have observed that,

> [d]espite the erroneous ruling by the circuit court on the foregoing issue, we determine that it made the right ruling in this case, but based upon incorrect reasoning. As we have explained, this Court is not bound by the incorrect reasoning relied upon by a lower court:
>
> > We have consistently held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965); *see also Cumberland Chevrolet Oldsmobile Cadillac, Inc. v. General Motors Corp.*, 187 W. Va. 535, 538

9

[n. 4], 420 S.E.2d 295, 298 n. 4 (1992) (stating that "even if the reasoning of a trial court is in error . . . we are not bound by a trial court's erroneous reasoning"); *State ex rel. Dandy v. Thompson*, 148 W. Va. 263, 274, 134 S.E.2d 730, 737, *cert. denied*, [*National Sur. Corp. v. U.S. for Use & Benefit of Olmos Bldg. Materials Co.*,] 379 U.S. 819, 85 S. Ct. 3[8], 13 L. Ed. 2d 30 (1964) (stating in criminal context that "correctness of . . . [trial court's] final action is the only material consideration, not the stated reasons for [the trial court's] taking such action").

*State v. Boggess*, 204 W. Va. 267, 276, 512 S.E.2d 189, 198 (1998).

*Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, ___, 788 S.E.2d 40, 53 (2016). Because the circuit court found that Mr. Bowyer has not proven his entitlement to partition in this case, and because Mr. Bowyer has not challenged this ruling on appeal, we affirm the circuit court's order in this regard.[5]

## B. Amendment of Complaints

Mr. Bowyer additionally contends that the circuit court erred by denying his request to amend his complaint. We conclude that the circuit court did not abuse its discretion in this regard because Mr. Bowyer's proffered amendments were irrelevant

---

[5]Given our decision to affirm the circuit court's order as to Mr. Bowyer's first assignment of error, we further conclude that we need not consider Mr. Bowyer's second assignment of error because it concerns the circuit court's factual findings as to the fourth prerequisite factor which the court erroneously adopted, but which error does not constitute grounds for reversal of the circuit court's summary judgment order.

10

(regarding the fourth prerequisite factor improperly adopted by the circuit court) and untimely (regarding satisfaction of one of the statutory elements for partition by sale).

West Virginia Rule of Civil Procedure 15(a) governs amendments to pleadings:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court* or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

(Emphasis added). Whether to permit an amendment is left to the presiding court's discretion:

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. pt. 6, *Perdue v. S.J. Groves & Sons Co.,* 152 W. Va. 222, 161 S.E.2d 250 (1968).

Moreover,

> "[t]he purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W. Va. R. Civ. P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual

11

situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue." Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W. Va. 861, 199 S.E.2d 50 (1973).

Syl. pt. 2, *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 618 S.E.2d 537 (2005).

Nevertheless,

[t]he liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay.

Syl. pt. 3, *Vedder*, 217 W. Va. 528, 618 S.E.2d 537.


In the case *sub judice*, Mr. Bowyer filed his initial counterclaim and third-party complaint on August 2, 2012. He then filed an amended pleading on July 15, 2013; it appears that this amendment primarily added additional co-owner parties. Mr. Bowyer sought to incorporate the instant amendments at issue herein on May 8, 2015, after the parties' failed mediation and after the respondents moved for summary judgment on March 10, 2015. The amendments Mr. Bowyer sought to add to his pleading are as follows:

Paragraph 111:
With respect to the oil and natural gas within and

12

underlying the Subject Property, the parties to this action have been unable to arrive at a common plan of development thereof. While the known Third-Party Defendants claim to have a desire to develop the mineral resources of the Subject Property, several of them are holding out from granting their consent for what can only be described as unreasonable terms. In the face of such intransigence, partition by sale is altogether proper in order to protect the correlative rights of other coparceners of the Subject Property.

Paragraph 112:
Allotment or partition by sale of the Subject Property would promote the interest of Defendant David E. Bowyer, as it would permit him to personally develop the oil and natural gas resources within and underlying the Subject Property. No other parties to this proceeding have expressed an interest, or have the ability, to personally develop these resources.

In refusing to permit these amendments, the circuit court ruled that there was unreasonable delay in moving to amend, the amendments were futile, and they would prejudice the respondents. We agree with the circuit court's assessment of the proffered amendments. In short, Paragraph 111 speaks to the fourth prerequisite factor improperly adopted by the circuit court. As such, it is not relevant to either Mr. Bowyer's partition suit brought under W. Va. Code § 37-4-3 or the circuit court's disposition thereof. Furthermore, Paragraph 112 addresses one of the essential elements of the statutory partition test of § 37-4-3, namely promotion of the movant's interest. The current version of this statute has been in effect since 1957, and this Court's reiteration of the same occurred in 1978. This amendment does not address a new theory of law, but rather a longstanding principle, and

13

an essential element of his claim for relief, of which Mr. Bowyer should have been aware when he filed his initial pleading. Accordingly, the circuit court did not err by refusing either of these proffered amendments to Mr. Bowyer's counterclaim and third-party complaint, and the circuit court's ruling as to this issue is affirmed.

## IV.

## CONCLUSION

For the foregoing reasons, the October 18, 2015, order of the Circuit Court of Doddridge County is hereby affirmed.

Affirmed.