STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: M.S., B.E., K.S.-1, and A.S.

No. 17-0223 (Randolph County 16-JA-031, 16-JA-032, 16-JA-033, & 16-JA-034)

## MEMORANDUM DECISION

Petitioner Mother K.S.-2, by counsel David C. Fuellhart, III, appeals the Circuit Court of Randolph County's February 8, 2017, order terminating her parental rights to M.S., B.E., K.S.-1, and A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that she should have been entitled to an additional improvement period at disposition because of the DHHR's failure to timely file a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father that alleged petitioner abused drugs during her pregnancy with M.S. The petition further alleged that petitioner's drug use resulted in abuse and neglect of the other children in the home. The petition also alleged that the father engaged in domestic violence in the home.

That same month, the circuit court held an adjudicatory hearing, at which petitioner stipulated to neglecting the children due to drug abuse and the domestic violence present in the home. The circuit court thereafter granted petitioner a post-adjudicatory improvement period and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as K.S.-1 and K.S.-2, respectively, throughout this memorandum decision.

directed the multidisciplinary team ("MDT") to meet in order to set the terms and conditions of the post-adjudicatory improvement period. According to the guardian, the MDT met the following day to comply with the circuit court's direction. During the meeting, the parties set the terms and conditions of petitioner's improvement period and memorialized the same in a document that was provided to petitioner. The terms and conditions included, but were not limited to, the following: (1) complete recommended evaluations; (2) submit to random drug screens; (3) participate in any services deemed appropriate, including parenting and adult life skills services; and (4) participate in visitation with the children.

Thereafter, the MDT met again in May of 2016. According to the guardian, at the meeting, petitioner acknowledged a continued relationship with the father, in spite of his past instances of domestic violence. Petitioner also reportedly stopped taking her prescribed Suboxone that same month. Also in May of 2016, the circuit court granted petitioner an extension of her improvement period.

In June of 2016, petitioner was arrested for delivery of a controlled substance for allegedly selling her prescription medication. In July of 2016, the circuit court held another review hearing, at which the DHHR presented evidence that petitioner failed to comply with her improvement period, as evidenced by her recent arrest. Although the circuit court noted concern over petitioner's arrest, it nonetheless granted her an extension of her post-adjudicatory improvement period. However, the circuit court cautioned that petitioner would "need to demonstrate much better compliance during the extended improvement period."

In August of 2016, the circuit court held another review hearing. During the hearing, both the DHHR and the guardian argued that petitioner was noncompliant with the terms and conditions of her improvement period, as she tested positive for illicit substances at her drug screens and failed to consistently attend visitation. Based on the evidence, the circuit court found that petitioner failed to consistently participate in her improvement period. The circuit court suspended petitioner's visitation with the children and directed that she could resume visitation after submitting three clean drug screens. Shortly after the hearing, the DHHR filed a motion to terminate petitioner's parental rights.

In December of 2016, the circuit court held a dispositional hearing, at which the parents moved for post-dispositional improvement periods on the grounds that the DHHR failed to timely file a family case plan after they were granted post-adjudicatory improvement periods. The circuit court continued the hearing and ordered the DHHR to file a family case plan. In January of 2017, the circuit court held another dispositional hearing subsequent to the DHHR's filing of a case plan.[2] Petitioner initially failed to appear in person and arrived for the hearing

---

[2]The record in this matter is clear that the DHHR's case plan specifically indicated that it was a child case plan submitted at least five days prior to the dispositional hearing as required by West Virginia Code § 49-4-604. In support of her motion for a post-dispositional improvement period in the circuit court, petitioner argued that she was entitled to the same because of the DHHR's failure to file a family case plan within thirty days of the granting of her post-

(continued . . . )

several hours late. She was, however, represented by counsel. During the hearing, the circuit court denied petitioner's motion for a post-dispositional improvement period based upon her failure to comply with "the large majority of the terms and conditions of her improvement period[,]" such as her failure to consistently visit the children; continued drug use; failure to follow through with the recommendations of her psychological evaluation; and failure to complete parenting services, among other issues. As such, the circuit court terminated petitioner's parental rights to the children.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

adjudicatory hearing, as required by West Virginia Code § 49-4-408(a). According to West Virginia Code § 49-4-408(a),

> [t]he [DHHR] shall develop a unified child and family case plan for every family wherein a person has been referred to the department after being allowed an improvement period or where the child is placed in foster care. The case plan must be filed within sixty days of the child coming into foster care or within thirty days of the inception of the improvement period, whichever occurs first.

However, West Virginia Code § 49-4-604(a) states, in pertinent part, that

> [f]ollowing a determination pursuant to section six hundred two of this article wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child. The term "case plan" means a written document that includes, where applicable, the requirements of the family case plan as provided in section four hundred eight of this article

Following the filing of the DHHR's case plan in December of 2016, the circuit court found, in its February 8, 2017, dispositional order, that the DHHR "has filed a Child or Family Case Plan prior to the disposition in this matter." As such, it is clear that the DHHR's child case plan, submitted in accordance with West Virginia Code § 49-4-604(a), contained the requirements of the family case plan as set forth in West Virginia Code § 49-4-408.

[3]Both parents' parental rights to M.S. and B.E. were terminated below. According to the guardian, the children are placed in the home of a maternal relative with a goal of adoption therein. Petitioner's parental rights to K.S.-1 and A.S. were also terminated below, while the children's non-abusing father was granted custody of the children with a permanency plan to remain in his home.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that she should have been entitled to an additional improvement period at disposition because of the DHHR's failure to timely file a family case plan.[4] We do not agree. In support of her argument, petitioner relies heavily on our prior holding in *Desarae M.* to argue that a list of the specific terms and conditions of an improvement period are insufficient to satisfy the statutory requirement that the DHHR file a family case plan within thirty days of the inception of an improvement period. According to petitioner, her case is analogous to the facts in *Desarae M.* and, accordingly, she should have been entitled to an improvement period at disposition so that the DHHR could timely file a family case plan upon the initiation of this second improvement period. We do not find this argument compelling, as the facts of petitioner's case differ substantially from *Desarae M.* Most notably, the mother in that case was complying with services during the improvement period at issue and was actively prejudiced by the DHHR's failure to timely file a family case plan. Specifically, the mother in that case "allege[d] that personnel shortages within [the] DHHR limited her success during her improvement period." *Desarae M.*, 214 W.Va. at 661, 591 S.E.2d at 219. These shortages resulted in the DHHR's failure to transport the children to the designated location for visitation after DHHR caseworkers terminated their employment and the DHHR failed to make alternate arrangements. *Id.* Moreover, the DHHR requested that the mother cease counseling by one

---

[4]Petitioner also argues that the circuit court erroneously found that she waived her right to have the DHHR timely file a family case plan by her failure to object to the lack of a case plan until the dispositional hearing. Because the Court affirms the circuit court's dispositional order on other grounds, it is unnecessary to address petitioner's argument concerning waiver. As we have held,

> "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

Syl. Pt. 3, *Bowyer v. Wyckoff*, 238 W.Va. 446, 769 S.E.2d 233 (2017).

provider in favor of counseling with a different provider who subsequently went on vacation for several weeks, thereby causing the mother to miss services. *Id.*

In the present case, the record is clear that the DHHR's failure to timely file a case plan did not prejudice petitioner. In fact, the DHHR accommodated petitioner extensively, despite the fact that her participation with services worsened throughout the proceedings. According to the record, petitioner failed to complete several terms and conditions of her improvement period, including visitation with her children and remedial services designed to remedy the conditions of abuse and neglect, such as services recommended by her psychological evaluation. Most importantly, given the nature of the allegations against her, petitioner stopped participating in drug screens in October of 2016, with the exception of two screens provided directly after hearings in the circuit court, which were both positive for methamphetamine.

At disposition, the circuit court found that it had, over objections from the DHHR and the guardian, granted petitioner multiple continuances of her post-adjudicatory improvement period so that she could comply with the terms thereof. Despite these continuances, the circuit court found that petitioner's "participation ha[d] declined even further." Ultimately, the circuit court found that petitioner "failed to fully participate in her improvement period." While petitioner argues that the DHHR's lack of a family case plan resulted in an inability of the circuit court to properly measure her success and progress during the proceedings, the record is clear that petitioner took no steps toward remedying the conditions of abuse and neglect in the home. As such, the DHHR's failure to timely file a family case plan had no impact on petitioner's willful refusal to cease compliance with the terms and conditions of her post-adjudicatory improvement period.

With regard to family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) [now W.Va. Code § 49-4-408(a)] . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Inherent in this holding is the idea that when the rules and statutes governing abuse and neglect cases have not been substantially disregarded or frustrated, vacation of the resulting order is unnecessary.

While petitioner is correct that West Virginia Code § 49-4-408(a) requires that a family case plan be filed within sixty days of the child coming into foster care or thirty days of an improvement period's inception, the Court does not find reversible error on that issue under the specific limited circumstances of this case. The record on appeal in this case is clear that petitioner participated in MDT meetings, during which she was provided a document entitled "Improvement Period Terms." This document included extensive requirements for petitioner during her post-adjudicatory improvement period that were designed to remedy the conditions of abuse and neglect in the home. These terms included petitioner's participation in recommended evaluations designed "to assist in determining treatment options" and to follow through with the recommendations of such evaluations; remaining free of alcohol and illicit substances, as verified by random drug screens; participation in visitation and compliance with the rules thereof; demonstration of enhanced behavioral, emotional, and/or cognitive caregiver services designed to assist in providing a safe environment for the children; and compliance with parenting services, among other requirements. As such, the record shows that petitioner was aware of the underlying conditions that needed correcting, namely her substance abuse and ability to provide the children with a safe home, and the steps necessary to correct these issue. Specifically, the multiple review hearings below routinely addressed the steps petitioner had taken between hearings to correct the conditions of abuse and neglect and addressed her level of participation, which the circuit court ultimately found to be almost entirely lacking. On appeal, petitioner does not allege that she was confused about what efforts she needed to undertake to achieve reunification with the children, and the record is clear that she was fully aware that she needed to correct her substance abuse and issues with safety in the home in order to achieve that goal. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings or the related statutes have been substantially disregarded or frustrated such that vacation of the dispositional order is required. Therefore, we find no reversible error in this regard.

Because, under the limited circumstances of this case, we find no error in the DHHR's failure to timely file the family case plan, we similarly find that petitioner was not entitled to an additional improvement period at disposition. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." Here, petitioner was previously granted a post-adjudicatory improvement period. However, the record is clear that petitioner could not establish a substantial change in circumstances since her initial improvement period or that she was likely to fully participate in a new improvement period. In fact, as the circuit court noted, petitioner's participation in the proceedings actually worsened over time, to the point that the circuit court found that she failed to participate in her improvement period by the time she requested an improvement period at disposition. Accordingly, the record is clear that petitioner could not satisfy the requisite burdens necessary to obtain an additional improvement period at disposition. As such, we find no error in the circuit court's denial of her motion.

For the foregoing reasons, we find no error in the circuit court's February 8, 2017, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  June 16, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7