# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.S. and B.E.**

**No. 17-0222** (Randolph County 16-JA-031 & 16-JA-032)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.E., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's February 8, 2017, order terminating his parental rights to M.S. and B.E.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that he should have been entitled to an additional improvement period at disposition because of the DHHR failure to timely file a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother that alleged the mother abused drugs during her pregnancy with M.S. The petition further alleged that the mother's drug use resulted in abuse and neglect to the other children in the home.[2] As to petitioner, the DHHR alleged that he also abused drugs and supported the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as B.E.-1 and B.E.-2, respectively, throughout this memorandum decision.

[2]The proceedings in circuit court concerned additional children that are not petitioner's biological children. Petitioner raises no assignment of error regarding these children. Accordingly, those children are not the subject of this memorandum decision.

mother's drug abuse. The petition further alleged that petitioner engaged in domestic violence in the home.

That same month, the circuit court held an adjudicatory hearing, at which petitioner stipulated to neglecting the children due to drug abuse and the domestic violence present in the home. The circuit court thereafter granted petitioner a post-adjudicatory improvement period and directed the multidisciplinary team ("MDT") to meet in order to set the terms and conditions of the post-adjudicatory improvement period. The following day, the MDT met to comply with the circuit court's direction. During the meeting, the parties set the terms and conditions of petitioner's improvement period and memorialized the same in a document that petitioner signed. The terms and conditions included, but were not limited to, the following: (1) complete recommended evaluations; (2) submit to random drug screens; (3) participate in any services deemed appropriate, including parenting services and anger management/batterers intervention services; and (4) participate in visitation with the children.

In May of 2016, the circuit court held a review hearing, during which it determined that petitioner was noncompliant with the terms and conditions of his improvement period, including his failure to submit to drug screens. After the DHHR suggested finding a new location for petitioner to submit to screens, the circuit court ordered petitioner to comply with the DHHR's attempts to facilitate the same.

In July of 2016, the circuit court held another review hearing. Petitioner failed to appear in person, although he was represented by counsel. During the hearing, the DHHR presented evidence that petitioner continued in his failure to comply with his improvement period, including missed drug screens and visitations with the children. However, the circuit court granted petitioner an extension of his post-adjudicatory improvement period.

In August of 2016, the circuit court held another review hearing. The circuit court found that, aside from attending three parenting classes, petitioner failed to participate in his improvement period. This included petitioner's failure to submit to drug screens, visit the children, and attend hearings. Shortly after the hearing, the DHHR filed a motion to terminate petitioner's parental rights.

In December of 2016, the circuit court held a dispositional hearing, during which the parents moved for post-dispositional improvement periods on the grounds that the DHHR failed to timely file a family case plan after they were granted post-adjudicatory improvement periods. The circuit court then continued the hearing and ordered the DHHR to file a family case plan. In January of 2017, the circuit court held another dispositional hearing subsequent to the DHHR's filing of a case plan.[3] Petitioner again failed to appear in person, but was represented by counsel.

---

[3]The record in this matter is clear that the DHHR's case plan specifically indicated that it was a child case plan submitted at least five days prior to the dispositional hearing as required by West Virginia Code § 49-4-604. In support of his motion for a post-dispositional improvement period in the circuit court, petitioner argued that he was entitled to the same because of the

(continued . . . )

During the hearing, the circuit court denied petitioner's motion for a post-dispositional improvement period upon petitioner's failure to comply with any terms and conditions of his post-adjudicatory improvement period. The circuit court found that petitioner failed to comply with minimal requirements, such as executing a medical release for the DHHR in order to facilitate other services. Petitioner further failed to participate in evaluations, visitation with the children, and anger management classes. Moreover, petitioner routinely missed drug screens and tested positive for illicit substances on the few occasions he did submit to screening. As such, the circuit court terminated petitioner's parental rights to the children.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

DHHR's failure to file a family case plan within thirty days of the granting of his post-adjudicatory hearing, as required by West Virginia Code § 49-4-408(a). According to West Virginia Code § 49-4-408(a),

[t]he [DHHR] shall develop a unified child and family case plan for every family wherein a person has been referred to the department after being allowed an improvement period or where the child is placed in foster care. The case plan must be filed within sixty days of the child coming into foster care or within thirty days of the inception of the improvement period, whichever occurs first.

However, West Virginia Code § 49-4-604(a) states, in pertinent part, that

[f]ollowing a determination pursuant to section six hundred two of this article wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child. The term "case plan" means a written document that includes, where applicable, the requirements of the family case plan as provided in section four hundred eight of this article

Following the filing of the DHHR's case plan in December of 2016, the circuit court found, in its February 8, 2017, dispositional order, that the DHHR "has filed a Child or Family Case Plan prior to the disposition in this matter." As such, it is clear that the DHHR's child case plan, submitted in accordance with West Virginia Code § 49-4-604(a), contained the requirements of the family case plan as set forth in West Virginia Code § 49-4-408.

[4]Both parents' parental rights to the children were terminated below. According to the guardian, the children are placed in the home of a maternal relative with a goal of adoption therein.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that he should have been entitled to an additional improvement period at disposition because of the DHHR's failure to timely file a family case plan.[5] We do not agree. With regard to family case plans, this Court has stated that

"[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) [now W.Va. Code § 49-4-408(a)] . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an

---

[5]Petitioner also argues that the circuit court erroneously found that he waived his right to have the DHHR timely file a family case plan by his failure to object to the lack of a case plan until the dispositional hearing. Because the Court affirms the circuit court's dispositional order on other grounds, it is unnecessary to address petitioner's argument concerning waiver. As we have held,

"[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

Syl. Pt. 3, *Bowyer v. Wyckoff*, 238 W.Va. 446, 769 S.E.2d 233 (2017).

appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Inherent in this holding is the idea that when the rules and statutes governing abuse and neglect cases have not been substantially disregarded or frustrated, vacation of the resulting order is unnecessary.

In support of his argument, petitioner relies heavily on our prior holding in *Desarae M.* to argue that a list of the specific terms and conditions of an improvement period are insufficient to satisfy the statutory requirement that the DHHR file a family case plan within thirty days of the inception of an improvement period. According to petitioner, his case is analogous to the facts in *Desarae M.* and, accordingly, he should have been entitled to an improvement period at disposition so that the DHHR could timely file a family case plan upon the initiation of this second improvement period. We do not agree, as the facts of petitioner's case differ substantially from *Desarae M.* Most notably, the mother in that case was complying with services during the improvement period at issue and was actively prejudiced by the DHHR's failure to timely file a family case plan. Specifically, the mother in that case "allege[d] that personnel shortages within [the] DHHR limited her success during her improvement period." *Desarae M.*, 214 W.Va. at 661, 591 S.E.2d at 219. These shortages resulted in the DHHR's failure to transport the children to the designated location for visitation after DHHR caseworkers terminated their employment and the DHHR failed to make alternate arrangements. *Id.* Moreover, the DHHR requested that the mother cease her counseling by one provider in favor of counseling with a different provider who subsequently went on vacation for several weeks, thereby causing the mother to miss services. *Id.*

In the present case, the record is clear that the DHHR's failure to timely file a case plan did not prejudice petitioner. In fact, the DHHR accommodated petitioner extensively, despite the fact that he routinely failed to participate in the services offered. According to the record, after missing several drug screens prior to May of 2016, because his employment required him to be out of town, the DHHR suggested that petitioner cooperate in determining a location near his employment that he could submit to drug screens. The DHHR then arranged for petitioner to submit to drug screening at a location he would pass on his way to visitation with the children. According to the guardian, the DHHR contacted the facility in question and arranged payment so that all that was required of petitioner was that he appear at the location and provide a sample. Despite the DHHR's assistance, petitioner failed to submit to drug screens at any time other than directly after circuit court hearings. Moreover, on the occasions that petitioner did submit to drug screening he tested positive for illicit substances.

At disposition, the circuit court found that it had, over objections from the DHHR and the guardian, granted petitioner multiple continuances of his post-adjudicatory improvement period so that he could comply with the terms thereof. Despite these continuances, the circuit court found that petitioner's "participation ha[d] declined even further." Ultimately, the circuit court found that petitioner "ha[d] not complied with any of the terms and conditions of his improvement period." Based on petitioner's refusal to participate in his post-adjudicatory improvement period, the circuit court found that he "abandoned these proceedings." While petitioner argues that the DHHR's lack of a family case plan resulted in "an amorphous

improvement period where there are no detailed standards by which the improvement steps can be measured[,]" the record is clear that petitioner took no steps toward remedying the conditions of abuse and neglect in the home. *Desarae M.*, 214 W.Va. at 663, 591 S.E.2d at 221 (quoting *State ex rel. W.Va. Dep't of Human Services v. Cheryl M.*, 177 W.Va. 688, 693-94, 356 S.E.2d 181, 186-87 (1987)). As such, the DHHR's failure to timely file a family case plan had no impact on petitioner's willful refusal to take any steps to remedy the conditions of abuse and neglect in the home.

While petitioner is correct that West Virginia Code § 49-4-408(a) requires that a family case plan be filed within sixty days of the child coming into foster care or thirty days of an improvement period's inception, the Court does not find reversible error on that issue under the specific limited circumstances of this case. The record on appeal in this case is clear that petitioner participated in MDT meetings, during which he executed a document entitled "Improvement Period Terms." This document included extensive requirements for petitioner during his post-adjudicatory improvement period that were designed to remedy the conditions of abuse and neglect in the home. These terms included petitioner's participation in recommended evaluations designed "to assist in determining treatment options" and to follow through with the recommendations of such evaluations; remaining free of alcohol and illicit substances, as verified by random drug screens; participation in visitation and compliance with the rules thereof; completion of anger management and batterers intervention services; and compliance with parenting services, among other requirements. As such, the record shows that petitioner was aware of the underlying conditions that needed correcting, namely his substance abuse and domestic violence issues, and the steps necessary to correct these issue. Specifically, the multiple review hearings below routinely addressed the steps petitioner had taken between hearings to correct the conditions of abuse and neglect and addressed his level of participation, which the circuit court ultimately found to be entirely lacking. On appeal, petitioner does not allege that he was confused about what efforts he needed to undertake to achieve reunification with the children, and the record is clear that he was fully aware that he needed to correct his substance abuse and domestic violence issues in order to achieve that goal. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings or the related statutes have been substantially disregarded or frustrated such that vacation of the dispositional order is required. Therefore, we find no reversible error in this regard.

Because, under the limited circumstances of this case, we find no error in the DHHR's failure to timely file the family case plan, we similarly find that petitioner was not entitled to an additional improvement period at disposition as he asserts. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." Here, petitioner was previously granted a post-adjudicatory improvement period. However, the record is clear that petitioner could not establish a substantial change in circumstances since his initial improvement period or that he was likely to fully participate in a new improvement period. In fact, as the circuit court noted, petitioner's participation in the proceedings actually worsened over time, to the point that the circuit court found he had abandoned the case by the time he requested an improvement period at disposition. Accordingly, the record is clear that petitioner

could not satisfy the requisite burdens necessary to obtain an additional improvement period at disposition. As such, we find no error in the circuit court's denial of his motion.

For the foregoing reasons, we find no error in the circuit court's February 8, 2017, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker