# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amanda O'Dell,**
**Plaintiff Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-1076** (Kanawha County 15-C-1040)

**The Sanitary Board of the**
**City of Charleston, West Virginia,**
**a Municipal Utility,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda O'Dell, by counsel Guy R. Bucci and Ashley N. Lynch, appeals the order of the Circuit Court of Kanawha County, entered on November 1, 2017, denying her motion for a new trial. Respondent The Sanitary Board of the City of Charleston appears by counsel David Allen Barnette and Vivian H. Basdekis.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Kanawha County in May of 2015, asserting that respondent's negligent installment of a sewer line in 2012 resulted in a landslide that affected her property two years later. In October of 2016, petitioner filed a motion for leave to amend her complaint to add a petition for writ of mandamus that would require respondent to install a sewer line. The circuit court denied the motion. The court explained that the main sewer line leading to petitioner's home was in good working order and the code of state rules specifies that the customer line from the main line is to be installed and maintained at the customer's own expense. Therefore, the court reasoned, respondent had no clear legal duty to repair the private portions, and the first and second requirements for mandamus were not met. The court also reasoned that a trial would offer adequate remedy available for any harm petitioner suffered.[1]

Prior to trial, petitioner identified Roderick Moore as an expert witness. Respondent filed

---

[1] "To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy." Syl. Pt. 2, *Myers v. Barte*, 167 W. Va. 194, 279 S.E.2d 406 (1981).

a motion in limine to "strike" Mr. Moore "or in the alternative prevent him from testifying regarding the design of the sewer project" on the grounds that he did not have experience to qualify as an expert witness and that he was not a licensed civil engineer. Trial was conducted over approximately nine days in January and February of 2017, and Mr. Moore testified over two days. In the late afternoon after Mr. Moore's second day of testimony, the circuit court entered an order denying respondent's motion concerning Mr. Moore, but granting the motion insofar as it sought to prevent Mr. Moore from testifying about the design of the sewer project.

The jury ultimately found in favor of respondent. Petitioner filed a motion for a new trial on the ground that Mr. Moore's testimony was improperly excluded. Petitioner wrote in her motion that Mr. Moore's "testimony as to causation and damages issues was excluded and thereby prejudicial. . . ." The circuit court denied the motion by order entered on November 1, 2017. It found that Mr. Moore had neither the expertise nor the experience to testify regarding the design of a municipal sewer. It noted, however, that it had allowed Mr. Moore to testify about causation of the landslide.[2]

On appeal, petitioner asserts that the circuit court erred, first, in excluding Mr. Moore's testimony "concerning the cause of the landslide as it relates to the design of the sewer line trench on the steep slope of the hillside" and, second, in denying her earlier motion to amend the complaint to petition the court for a writ of mandamus, an issue she re-raised in her motion for a new trial. Petitioner's first assignment of error, in particular, relates to the circuit court's order denying her motion for a new trial. This Court applies the following general standard when reviewing a circuit court decision denying a new trial:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioner's first assignment of error implicates the circuit court's ruling on respondent's motion to limit the testimony of Mr. Moore. Petitioner's brief refers only generally to the "exclusion" of Mr. Moore's testimony, and does not specify the point at which she attempted to

---

[2] It appears that Mr. Moore's testimony about causation was, in fact, extensive. He testified, for example, in response to inquiry seeking his opinion "as to what caused [the landslide] to a reasonable degree of engineering certainty": "The primary reason is excavation of this hillside, this steep slope and fill material that was supporting the wall and the driveway. The excavation, itself, and the lack of compaction has been fully documented. It caused the landslide."

introduce evidence and was thwarted by the circuit court.[3] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in relevant part, that

> [t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Petitioner's assignment of error states that the circuit court erred in disallowing Mr. Moore's testimony "concerning the cause of the landslide as it relates to the design of the sewer line trench," and an argument heading in her brief asserts that Mr. Moore was "qualified to testify as to negligence and causation as related to the landslide." However, it is apparent from the circuit court's order (which is not referenced in petitioner's brief) that "Mr. Moore testified with respect to causation of the landslide, but his testimony as to design was not allowed." Because petitioner's broad argument that she was not permitted to introduce evidence concerning causation is directly contrary to the circuit court order clarifying that causation evidence was offered, we find no error.

We turn to petitioner's second assignment of error, wherein she argues that the circuit court erred in denying her motion to amend the complaint to petition the court for a writ of mandamus. We have explained that the circuit court has discretion in determining whether to allow the amendment of a complaint:

> "'A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.' Syllabus point 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968)." Syl. Pt. 4, *Bowyer v. Wyckoff*, 238 W.Va. 446, 796 S.E.2d 233 (2017).

Syl. Pt. 1, *California State Teachers' Ret. Sys. v. Blankenship*, 240 W. Va. 623, 814 S.E.2d 549 (2018). Here, we agree with the circuit court's finding that amendment of the complaint would have been futile, inasmuch as petitioner did not demonstrate the elements necessary to secure mandamus relief.[4] Furthermore, we agree with the circuit court that its denial of the petition for writ of mandamus had no effect on the outcome of this matter and therefore forms no basis for the grant of a new trial.

---

[3] We note, in fact, that all of petitioner's citations to the appendix record on appeal concerning Mr. Moore's opinions appear to direct our attention to Mr. Moore's trial testimony. We are left, then, uncertain of what opinion petitioner asserts to have been wrongfully withheld from the jury.

[4] *See* n. 1.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

**DISQUALIFIED:**

Justice Tim Armstead

4